

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-0445-15

**DAVID FREDERICK CARY, Appellant**[*]

**v.**

**THE STATE OF TEXAS**

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FIFTH COURT OF APPEALS
### COLLIN COUNTY

HERVEY, J., delivered the opinion of the Court in which KELLER, P.J., JOHNSON, KEASLER, ALCALA, RICHARDSON, YEARY, and NEWELL, JJ., joined. MEYERS, J., did not participate.

### O P I N I O N

David Cary was convicted by a jury of six counts of bribery, one count of money

laundering, and one count of engaging in organized criminal activity. His punishment was

---

[*]In their briefs, the parties identify David Cary as both "Appellee" and "Appellant." An "Appellant" is "a party taking an appeal to an appellate court." TEX. R. APP. P. 3.1. Thus, a party appealing a trial court's judgment is correctly styled as "Appellant." That designation does not change, however, even if the appellant prevails at the court of appeals, and the appellee files a petition for discretionary review. This is because a party does not "take an appeal" to this Court when it files a petition for discretionary review.

assessed at fourteen years' confinement on each count to run concurrently with one day credit. He appealed the judgments of conviction, and a unanimous panel of the court of appeals found that there was insufficient evidence to support his convictions, entering an acquittal on each count. *David Cary v. State*, 460 S.W.3d 731 (Tex. App.—Dallas 2015). The issue in this case is whether the court of appeals misapplied the standard for legal sufficiency.[2] We conclude that it did not, and we will affirm the judgment of the court of appeals.

## COMPANION CASE

David's wife, Stacy Cary, was also convicted in a companion case on six counts of bribery, one count of money laundering, and one count of engaging in organized criminal activity. *Stacy Cary v. State*, No. 05-12-01421-CR, 2014 WL 4261233 (Tex. App.—Dallas Aug. 28, 2014) (mem. op.) (not designated for publication). The panel that decided her case affirmed her convictions. *Id.* Today, we reversed the judgment of that panel and rendered acquittals on each count because the evidence is insufficient to

---

[2]We granted the State's petition for review on three grounds,

(1)    The lower court erred because a reasonable juror could have found—as this jury actually found—that [David] did not intend the relevant payments to Spencer to constitute "political contributions," irrespective of how those payments were ultimately spent by Wooten.

(2)    The evidence at trial was legally sufficient for a rational juror to find, beyond a reasonable doubt, all of the elements of bribery.

(3)    The evidence at trial was legally sufficient to affirm [David]'s convictions for engaging in organized criminal activity and for money laundering.

support her convictions. *Stacy Cary*, No. PD-1341-14, slip op. 15–16 (Tex. Crim. App.

Dec. 14, 2016). For the same reasons that we discussed in that opinion, we affirm the

judgment of the court in this case rendering an acquittal on each count.[3]

## BRIBERY

Law of Bribery

The bribery statute states in relevant part that,

(a) A person commits an offense if he intentionally or knowingly offers, confers, or agrees to confer on another, or solicits, accepts, or agrees to accept from another:

> (1) any benefit as consideration for the recipient's decision, opinion, recommendation, vote, or other exercise of discretion as a public servant, party official, or voter;

> (2) any benefit as consideration for the recipient's decision, vote, recommendation, or other exercise of official discretion in a judicial or administrative proceeding;

> (3) any benefit as consideration for a violation of a duty imposed by law on a public servant or party official; or

> (4) any benefit that is a political contribution as defined by Title 15, Election Code, or that is an expenditure made and reported in accordance with Chapter 305, Government Code, if the benefit was offered, conferred, solicited, accepted, or agreed to pursuant to an express agreement to take or withhold a specific exercise of official discretion if such exercise of official discretion would not have been taken or withheld but for the benefit; notwithstanding any rule of

---

[3]Due to the voluminous amount of evidence in these cases, and the fact that the parties agree that the records in both cases are "nearly identical," like the court of appeals, we will not restate all of the facts and instead focus on only the facts necessary to decide this appeal. *David Cary*, 460 S.W.3d at 733 n.1. The panel of the Austin Court of Appeals that disposed of Stacy's appeal recited the facts at length. *Stacy Cary*, 2014 WL 4261233, at *3–26.

evidence or jury instruction allowing factual inferences in the absence of certain evidence, direct evidence of the express agreement shall be required in any prosecution under this subdivision.

\* \* \*

(d) It is an exception to the application of Subdivisions (1), (2), and (3) of Subsection (a) that the benefit is a political contribution as defined by Title 15, Election Code, or an expenditure made and reported in accordance with Chapter 305, Government Code.

(e) An offense under this section is a felony of the second degree.

TEX. PENAL CODE § 36.02 (footnote omitted). Relevant definitions from Title 15 of the

Texas Election Code include,

(2) "Contribution" means a direct or indirect transfer of money, goods, services, or any other thing of value and includes an agreement made or other obligation incurred, whether legally enforceable or not, to make a transfer. The term includes a loan or extension of credit, other than those expressly excluded by this subdivision, and a guarantee of a loan or extension of credit, including a loan described by this subdivision. The term does not include:

(A) a loan made in the due course of business by a corporation that is legally engaged in the business of lending money and that has conducted the business continuously for more than one year before the loan is made; or

(B) an expenditure required to be reported under Section 305.006(b), Government Code.

(3) "Campaign contribution" means a contribution to a candidate or political committee that is offered or given with the intent that it be used in connection with a campaign for elective office or on a measure. Whether a contribution is made before, during, or after an election does not affect its status as a campaign contribution.

(4) "Officeholder contribution" means a contribution to an officeholder or political committee that is offered or given with the intent that it be used to defray expenses that:

> (A) are incurred by the officeholder in performing a duty or engaging in an activity in connection with the office; and

> (B) are not reimbursable with public money.

(5) "Political contribution" means a campaign contribution or an officeholder contribution.

(6) "Expenditure" means a payment of money or any other thing of value and includes an agreement made or other obligation incurred, whether legally enforceable or not, to make a payment.

(7) "Campaign expenditure" means an expenditure made by any person in connection with a campaign for an elective office or on a measure. Whether an expenditure is made before, during, or after an election does not affect its status as a campaign expenditure

TEX. ELEC. CODE § 251.001(2)–(7).

Court of Appeals

The court of appeals held that the evidence is insufficient to support David's bribery convictions because the State failed to prove that the benefits offered to Wooten were something other than political contributions. *David Cary*, 460 S.W.3d at 738; *see* TEX. PENAL CODE §§ 2.02(b) (statutory exceptions must be negated by the State beyond a reasonable doubt), 36.02(a)(1)–(2), (d) (bribery and political-contribution exception). In doing so, the court rejected the State's argument that a jury could have inferred that the contributions were not political ones because David intended to "bribe" Wooten and "engaged in several deceptive practices to prevent the funds from being traced to him."

*David Cary*, 460 S.W.3d at 737. It explained that a "political contribution" is a contribution given with the intent that it be used in a campaign for elected office and that, in this case, the evidence showed just that—David offered Wooten benefits through Spencer to fund Wooten's campaign to unseat Sandoval. *Id.*; *see* TEX. ELEC. CODE § 251.001(5). It also pointed out that, if the State fails to negate the political-contribution exception, David's intent to "bribe" and his deceptive acts to hide the source of the money are irrelevant. *David Cary*, 460 S.W.3d at 737.

State's Arguments

The State first argues that the court of appeals erred in its legal-sufficiency analysis. It also contends that the lower court mistakenly focused on the ultimate use of Stacy's money in Wooten's campaign instead of looking to the subjective intent at the time the contribution was made, as required by the Election Code. According to the State, this latter analytical error was the "fundamental misconception upon which the lower court foundered." State's Brief on the Merits at 26. Finally, the State asserts that the court of appeals failed to properly apply the standard for legal sufficiency because it did not view the evidence in the light most favorable to David's convictions. Instead, the State contends that the court's analysis was more akin to a factual-sufficiency review and that it harkened back to our discarded pre-*Geesa* standard, requiring the State to negate every reasonable hypothesis other than that establishing the guilt of the accused. *Brooks v. State*, 323 S.W.3d 893 (Tex. Crim. App. 2010) (plurality op.); *Geesa v. State*, 820 S.W.2d

154, 157 (Tex. Crim. App. 1991) (abrogating the alternative-reasonable-hypothesis construct).

## Legal Sufficiency

When determining whether the evidence is sufficient to support a criminal conviction, the only standard an appellate court should apply is the *Jackson v. Virginia* test for legal sufficiency. *Brooks*, 323 S.W.3d at 895 (plurality op.). Under that standard, the State must prove each essential element of the offense beyond a reasonable doubt. TEX. PENAL CODE §§ 1.07(22) (elements of an offense include negating any statutory exception to that offense). This requirement, however, does not obligate the State to disprove every innocent explanation of the evidence before a jury can find a defendant guilty. *See Tate v. State*, No. PD-0730-15, 2016 WL 5113495, at *6 (Tex. Crim. App. Sept. 21, 2016). "[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson*, 443 U.S. 307, 319 (1979). In this analysis, the arguments of the parties are of no consequence because arguments are not evidence. *Hutch v. State*, 922 S.W.2d 166, 173 (Tex. Crim. App. 1996) (plurality op.) ("It is axiomatic that jury arguments are not evidence"). To the extent that a reviewing court relies on such in a legal-sufficiency analysis, it does so in error.

The evidence is viewed in the light most favorable to the verdict because it is "the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the

evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. This standard "impinges upon 'jury' discretion only to the extent necessary to guarantee the fundamental protection of due process of law," and it prevents the reviewing court from making its own subjective determination of the defendant's guilt. *Id.* Although an appellate court cannot act as a thirteenth juror and make its own assessment of the evidence, it does act as a safeguard to ensure that the factfinder's verdict is a rational one that is based on more than a "mere modicum" of evidence. *Moreno v. State*, 755 S.W.2d 866, 867 (Tex. Crim. App. 1988). Theorizing or guessing as to the meaning of the evidence is never adequate to uphold a conviction because it is insufficiently based on the evidence to support a belief beyond a reasonable doubt. *Hooper v. State*, 214 S.W.3d 9, 15–16 (Tex. Crim. App. 2007). But the factfinder is allowed to draw any reasonable inference that is supported by the evidence. *Jackson*, 443 U.S. at 319. If the record supports reasonable, but conflicting, inferences, we presume that the factfinder resolved the conflicts in favor of the conviction. *Id.* at 326.

Analysis

According to the court of appeals, "the State's evidence proved that the only benefits to Wooten were the transfers from Stacy Cary to Spencer, which the State argued were payments made to fund her campaign." *David Cary*, 460 S.W.3d at 738. This seems to suggest that the court did in fact rely on the State's trial arguments and the ultimate use of the $150,000, instead of focusing on the evidence actually adduced at trial and David's

intent at the time the contribution was made. *Id.* To the extent that the court of appeals relied on the arguments of the parties and how Stacy's money was actually used in Wooten's campaign, we disavow its analysis.

The State alleged that David intentionally offered Wooten a benefit other than a political contribution as consideration for Wooten's decisions to enter the race against Sandoval, to continue her campaign, and to issue rulings favorable to the Carys once elected. TEX. PENAL CODE § 36.02. To negate the political-contribution exception, the State had to show that David had no intent for Stacy's money to be used in Wooten's campaign. According to the State, it met that burden because a rational jury could have reasonably inferred that David intended for the payments to Spencer to "be used to obtain, by any means necessary, (1) a person who would challenge the incumbent judge of the 380th Judicial District Court, despite the odds stacked against succeeding in such a challenge, and/or (2) a judge who would rule favorably in [David]'s custody and visitation proceedings, and/or rule in favor of his spouse Stacy." The problem with this argument, however, is that the State charged David with bribing Wooten specifically, and the jury was instructed that it could convict David only if it believed beyond a reasonable doubt that he intentionally offered money to Wooten as consideration for *her* exercise of official discretion as a public servant. *Id.* Thus, even if a jury believed the theory set out by the State above, the State has not proven its case.

Although the State is required to disprove exceptions to an offense beyond a

reasonable doubt, and the allegations made here required the State to negate the political-contribution exception, that does not amount to forcing the State to disprove every possible innocent explanation of the evidence. The State also contends that the record supports conflicting inferences as to whether the money offered to Wooten was a political contribution and that, because appellate courts resolve conflicting inferences in favor of the conviction, the lower court erred when it substituted its judgment for that of the jury. It is true that appellate courts resolve conflicting inferences in favor of the conviction, but we conclude as the court of appeals did that the record in this case does not support conflicting inferences. While a rational jury could have inferred that David offered money to Wooten as consideration for her decisions to enter the race, to continue her campaign, and to render rulings favorable to the Carys, no rational jury could have also believed that David bribed Wooten to get elected to give the Carys favorable treatment, but that he had no intention that Stacy's $150,000 would be used in Wooten's campaign. To accomplish his goals, Wooten would have to be elected.

We hold that the evidence is insufficient to prove that David committed bribery as charged because the State failed to negate the political-contribution exception.

## OTHER COUNTS

David was also convicted of one count of money laundering and one count of engaging in organized criminal activity. The court of appeals reversed both of those convictions for insufficient evidence. *David Cary*, 460 S.W.3d at 739, 741. In a single

sentence, the State argues that, "if this Court reverses the lower court's determination that the evidence was legally sufficient to support [David]'s bribery conviction[s], then the Court should necessarily reverse the lower court on that basis, too." State's Brief on the Merits at 46.

## Money Laundering

The State alleged that David knowingly financed, invested, or intended to finance and invest funds that he believed were intended to further the commission of criminal activity. TEX. PENAL CODE § 34.02(a)(4), (f). The only predicate offense charged was bribery. Yet, because we have already found that the evidence is insufficient to sustain David's bribery convictions, there cannot be sufficient evidence to support the money-laundering conviction.

## Engaging in Organized Criminal Activity

The State further alleged that David engaged in organized criminal activity when he, in combination with Wooten, Stacy, and Spencer, conspired to commit and did commit the offenses of bribery, money laundering, or tampering with a government document. Because the evidence is insufficient to support David's convictions for bribery and money laundering, his conviction for engaging in organized criminal activity can be upheld only if he conspired to tamper with a governmental document. The State, however, does not challenge the court of appeals's holding on that basis, so we do not

address it now.[4] *Id.* at 740–41 (reversing conviction for lack of evidence to support any predicate offense).

## CONCLUSION

Because we find that the State's challenges to the holdings of the court of appeals are without merit, we affirm the judgment of the court of appeals.

Delivered: December 14, 2016

Publish

---

[4]We did, however, address the issue in Stacy's appeal and concluded that there was insufficient evidence to prove that she conspired to tamper with a government document. *Stacy Cary*, slip op. at 17–18.