**AFFIRM; and Opinion Filed April 28, 2017.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-16-00476-CR

**ANGELA CAROL SPIVEY-WASHINGTON, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Criminal Court No. 8**
**Dallas County, Texas**
**Trial Court Cause No. MA-1243270-J**

## MEMORANDUM OPINION
Before Justices Lang, Fillmore, and Schenck
Opinion by Justice Schenck

Angela Carol Spivey-Washington appeals from a conviction of criminal trespass of a habitation. Appellant's sole issue is whether the judgment is supported by legally sufficient evidence. We affirm the trial court's judgment. Because all issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.4.

### FACTUAL & PROCEDURAL BACKGROUND

In 2012, the complainant lived with her boyfriend Eugene Washington and her two children: C.S. and a son. Mr. Washington was divorced from appellant. On November 6, 2012, at approximately 5:00 a.m., appellant entered the complainant's residence where complainant and her children were asleep in their respective bedrooms. Mr. Washington had already left for work that day. Appellant went into C.S.'s bedroom, woke her, and asked her where the complainant was. C.S. took appellant to the complainant's room upstairs where appellant began

to chastise the complainant for sleeping with a married man. The complainant told appellant she needed to leave, and appellant did so. That same day, the complainant filed a criminal trespass report. Detective Kevin Smiley was assigned to the case.

A couple of days later, appellant went to the complainant's house to talk to Mr. Washington. Mr. Washington was at home and went outside to speak with appellant. The two had a verbal confrontation, and appellant left. The complainant contacted appellant and told her that C.S. had been affected by the incident between appellant and Mr. Washington. Appellant left a note on the complainant's front door, stating as follows.

> Please let your daughter know that I'm sorry for the incident that happened between my husband and I. He's very disrespectful and was out of line being over here. Also, I will adhere to your request you and I discussed. Again, sorry.

On November 11, 2012, the complainant and C.S. went to the police station and provided Detective Smiley with additional information and affidavits. The complainant also provided him with a copy of a note appellant left on the complainant's front door. Detective Smiley interviewed appellant over the phone, and appellant admitted to the confrontation with Mr. Washington but denied being in the complainant's house before then.

The State charged appellant by information and affidavit with the offense of criminal trespass of a habitation. Appellant waived a jury and proceeded to a trial before the court. The trial court found appellant guilty of criminal trespass. The judge assessed punishment at 180 days' confinement in the county jail and a fine of $100, but suspended the sentence and placed appellant on community supervision for a period of six months. She timely filed this appeal, in which she challenges the sufficiency of the evidence to support a finding appellant actually entered the complainant's home on November 6, 2012.

When conducting a legal-sufficiency review, a court must ask whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979). In so doing, we assess the evidence in the light most favorable to the prosecution. *Id.* This same standard applies equally to circumstantial and direct evidence. *Burden v. State*, 55 S.W.3d 608, 613 (Tex. Crim. App. 2001). We defer to the responsibility of the trier of fact to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). After giving proper deference to the factfinder's role, if any rational trier of fact could have found all the essential elements of the offense beyond a reasonable doubt, we will uphold the verdict. *See Cary v. State*, 507 S.W.3d 761, 766 (Tex. Crim. App. 2016).

A person commits criminal trespass if the person enters the habitation of another without effective consent and the person had notice that the entry was forbidden. TEX. PENAL CODE ANN. § 30.05(a), (d)(3)(A)(i) (West 2011). "Entry" means the intrusion of the entire body. *Id.* § 30.05(b)(1) (West 2011).

## DISCUSSION

### I. Evidence of Entry

The State presented three witnesses: C.S., the complainant, and Detective Smiley. C.S. testified at about 5:00 a.m. in November of 2012, appellant entered the complainant's home through the patio door without knocking on the door or being invited. Appellant then went into C.S.'s room and woke her. C.S. stated appellant asked her where the complainant was, so C.S. took her upstairs to the complainant's room where appellant told C.S. the complainant was

sleeping with a married man and that appellant and Mr. Washington were still married. C.S. testified she had never met appellant before that day, and appellant had never been a guest in the complainant's home before. She also testified the only other occupants, Mr. Washington and the complainant's son, were out of the house or asleep, respectively.

The complainant testified that on November 6, 2012, appellant entered her home through the patio door, went to C.S.'s room, and woke C.S. She then followed C.S. to the complainant's room and told C.S. the complainant was "messing with a married man." The complainant said she had never invited appellant to her home in the past and she had not heard a knock at the door or the doorbell ring. She said she had never met appellant before that morning.

Detective Smiley testified the complainant contacted the police department on November 11, 2012, to report the appellant's trespass. He stated the complainant and C.S. came to the police station where they told him appellant came into their home at approximately 5 a.m. on November 6, 2012, without invitation and told the complainant she was sleeping with appellant's husband and appellant wanted her to stop. He spoke with appellant on the phone, and she admitted to getting into a confrontation with Mr. Washington but denied going into the complainant's home a few days before.

## II. Analysis

Appellant raises multiple arguments regarding the credibility of the witnesses. First, appellant argues the complainant was not a credible witness. During the same proceeding as the bench trial on the criminal trespass charge, the trial court heard a second charge against appellant of criminal mischief. The complainant was a witness in both cases, but the trial court found appellant not guilty of criminal mischief. Appellant contends that the trial court's verdict in the second matter was a rejection of the complainant's credibility. Second, appellant contends that the testimony of all of the State's witnesses—the complainant, C.S., and Detective Smiley—is

inconsistent such that the witnesses' credibility is damaged and the testimony of all three does not lead to a reasonable inference that appellant entered the complainant's home on November 6, 2012. Appellant notes discrepancies between the complainant's and C.S.'s testimony regarding whether the back door of the home was usually locked and whether appellant exited their home through the back door or the front door. She further notes that Detective Smiley testified the complainant and C.S. told him the "confrontation" occurred inside C.S.'s room instead of the complainant's as the complainant and C.S. testified. Third, appellant points to her own testimony in which she denied having been to the complainant's home before her confrontation with Mr. Washington. Finally, appellant argues evidence of financial ties between appellant, the complainant, and Mr. Washington cast the complainant's credibility into question. On cross-examination, the complainant testified she received money from Mr. Washington because they were living together, that she had access to Mr. Washington's bank account, and that appellant was constantly trying to get money from Mr. Washington for their children. Appellant testified that the complainant had access to an account that was Mr. Washington's business account to which appellant also had access.[1]

As factfinder, the trial judge was entitled to judge the credibility of the witnesses and could choose to believe all, some, or none of the their testimony. *See Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991) (en banc). The trial judge could also reconcile the above conflicts in the witnesses' testimony, judge the witnesses' credibility, and conclude that all three of the State's witnesses testified appellant was in the complainant's home without effective

---

[1] Finally, appellant argues that the trial testimony regarding the note appellant left on the complainant's front door is inconsistent with the text of the note. Detective Smiley testified that he believed the note referred to appellant's entry of the complainant's home despite the fact that the note refers to "the incident that happened between my husband and I" and both the complainant and C.S. testified Mr. Washington was not home at that time. The complainant at first denied that appellant wrote the note to apologize for the confrontation a few days after the trespass, but she later admitted that could have been the intent. Even assuming the note did not refer to the events of November 6, 2012, there was sufficient evidence from the witnesses' testimony to conclude appellant entered the complainant's home that morning.

consent and that the complainant and Detective Smiley both specified the offense occurred on November 6, 2012. *See Isassi*, 330 S.W.3d at 638.

We overrule appellant's sole issue.

## CONCLUSION

We affirm the trial court's judgment.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

DO NOT PUBLISH
TEX. R. APP. P. 47

160476F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

ANGELA CAROL SPIVEY-
WASHINGTON, Appellant

No. 05-16-00476-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Criminal Court
No. 8, Dallas County, Texas
Trial Court Cause No. MA-1243270-J.
Opinion delivered by Justice Schenck,
Justices Lang and Fillmore participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 28th day of April, 2017.