**Reversed, Rendered and Opinion Filed August 22, 2019**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-01133-CR

**ROBERT EARL HARRELL, JR., Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Court at Law No. 1**
**Grayson County, Texas**
**Trial Court Cause No. 2017-1-0644**

## MEMORANDUM OPINION

Before Justices Whitehill, Partida-Kipness, and Pedersen, III
Opinion by Justice Partida-Kipness

Appellant, Robert Earl Harrell, Jr., was charged with driving while intoxicated ("DWI"), enhanced by a prior DWI conviction. The jury convicted him of the offense, as alleged in the information. The trial court assessed punishment at 365 days confinement in a county jail, suspended the sentence and placed Harrell on community supervision for a period of twenty-four months. Harrell contends the evidence is insufficient to establish the corpus delicti of DWI because there is no evidence other than his extrajudicial statements to show he operated the vehicle. We reverse the trial court's judgment and render a judgment of acquittal. Because the issues are settled in law, we issue this memorandum opinion. *See* TEX. R. APP. P. 47.4.

## BACKGROUND

On March 5, 2017, at 4:04 a.m., the Van Alstyne Police Department received a 911 call from a motorist travelling southbound on Highway 75. The 911 call was admitted into evidence and played for the jury. The callers[1] described a gray mini-van they were following that was "driving dangerously," "all over the road," "going into the median," and "almost hit us a couple of times." The callers reported the license plate number of the van and told the dispatcher the van had exited the highway and pulled into the McDonald's parking lot. The caller stated that they took the same exit, drove by the McDonald's parking lot and saw the van sitting in the gas station part of the lot, not at a gas pump but pulled off to the side. The callers gave the dispatcher a name, driver's license number, and a phone number where they could be reached.

Officer Brandon Blair responded to the 911 dispatch and arrived in the McDonald's parking lot at 4:11 a.m. The video from the officer's dash-cam was admitted into evidence and played for the jury. When the officer approached the van, the lights were on, but the engine was not running. He saw Harrell sitting in the driver's seat with his seatbelt on. He also saw two other people sitting in the backseat of the van. Officer Blair testified that when Harrell rolled down his window, he immediately smelled an odor of alcohol beverage emitting from the vehicle. He also noticed that Harrell's eyes appeared to be bloodshot, and that his speech was somewhat mumbled and slurred. Harrell told the officer that he and his friends had been at Choctaw Casino since 7:30 that evening, that he drank three or four beers while there, and that he lived in Arlington, Texas. Officer Blair then conducted the standardized field sobriety tests, and based upon the number of clues he observed, believed that Harrell was intoxicated. Officer Blair testified that Harrell admitted to him that he had been driving the car; Harrell's statements admitting that he was driving

---

[1] It is evident from the audio of the 911 call that there were two people in the vehicle that reported the van's reckless driving, a male and a female.

can also be heard on the dash-cam video shown to the jury. Harrell's blood was also tested. The results of the test indicated that Harrell had a blood alcohol concentration of .095.

## ANALYSIS

In his first issue, Harrell contends the evidence is legally insufficient to support the verdict. We agree.

In reviewing the sufficiency of the evidence, we view all the evidence in the light most favorable to the verdict, and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 313 (1979); *Brooks v. State,* 323 S.W.3d 893, 899 (Tex. Crim. App. 2010). We assume the fact finder resolved conflicts in the testimony, weighed the evidence, and drew reasonable inferences in a manner that supports the verdict. *Clayton v. State,* 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). We defer to the trier of fact's determinations of witness credibility and the weight to be given their testimony. *Brooks,* 323 S.W.3d at 899. Circumstantial evidence is as probative as direct evidence in establishing the guilt of the accused. *Clayton*, 235 S.W.3d at 778. Circumstantial evidence alone can be sufficient to establish guilt. *Id.*

The corpus delicti rule concerns evidentiary sufficiency in cases involving an extrajudicial confession. *Miller v. State*, 457 S.W.3d 919, 924 (Tex. Crim. App. 2015). "When the burden of proof is 'beyond a reasonable doubt,' a defendant's extrajudicial confession does not constitute legally sufficient evidence of guilt absent independent evidence of the corpus delicti." *Id.* (quoting *Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013). To satisfy the corpus delicti rule, there must be evidence independent of a defendant's extrajudicial confession showing that the "essential nature" of the charged crime was committed by someone. *Hacker*, 389 S.W.3d at 866. The corroborating evidence need not be sufficient by itself to prove the offense; there simply must be "some evidence which renders the commission of the offense more probable than it would be

–3–

without the evidence." *Williams v. State*, 958 S.W.2d 186, 190 (Tex. Crim. App. 1997) (quoting *Chambers v. State*, 866 S.W.2d 9, 15–16 (Tex. Crim. App. 1993); *Rocha v. State*, 16 S.W.3d 1, 4 (Tex. Crim. App. 2000) (citing *Williams*).

A person commits the offense of DWI if he is intoxicated while operating a motor vehicle in a public place. TEX. PENAL CODE § 49.04(a). The corpus delicti of DWI is that someone operated a motor vehicle in a public place while intoxicated. *Rajsakha v. State*, No. 05-16-00489-CR, 2017 WL 2628248, at *2 (Tex. App.—Dallas June 19, 2017, no pet.) (citing *Pace v. State*, No. 05-16-00167-CR, 2017 WL 360669, at *2 (Tex. App.—Dallas Jan. 23, 2017, no pet.) (mem. op.) (citing *Folk v. State*, 797 S.W.2d 141, 144 (Tex. App.—Austin 1990, pet. ref'd)). The penal code does not define "operating" for the purposes of the DWI statute. *Denton v. State*, 911 S.W.2d 388, 389 (Tex. Crim. App. 1995). The court of criminal appeals, however, holds that a person operates a vehicle when the totality of the circumstances "demonstrate that the defendant took action to affect the functioning of his vehicle in a manner that would enable the vehicle's use." *Id.* at 390.

During oral argument, the State conceded that Harrell's extra-judicial confession was the only evidence that proved Harrell operated the van but contended that the corpus delicti rule was satisfied by corroborating evidence showing that the vehicle had just parked in the McDonald's parking lot, and that Harrell was sitting in the driver's seat with his seat belt on. We disagree. While it is true that Officer Blair found Harrell sitting in the driver's seat with his seat belt on, when the officer approached the vehicle, it was parked in a parking space in the McDonald's parking lot. The engine was not running, and there is no evidence that the keys were in the ignition. The evidence shows that Officer Blair never saw the vehicle operating, either on the highway or in the parking lot, and there was an approximately seven-minute gap between the time the 911 call was received and the officer's arrival in the parking lot. Although the 911 callers identified the

–4–

vehicle, they never gave the dispatcher a description of the driver or identified him in any way. The two passengers sitting in the back seat of the van were also arrested for being intoxicated but were never questioned about who had been driving the vehicle before they parked. Further, the evidence showed that when the 911 callers drove by the McDonald's parking lot, they saw the van already parked. In addition, the callers did not remain at the parking lot until the police arrived, so there is no evidence regarding what happened between the time the callers saw the parked van and the time Officer Blair arrived at the vehicle. The evidence also showed that the vehicle did not belong to Harrell, but belonged to one of the two passengers.[2]

While the jury is allowed to draw reasonable inferences, they are not permitted to draw conclusions based on speculation. *Hooper v. State*, 214 S.W.3d 9, 16 (Tex. Crim. App. 2007. "Speculation is mere theorizing or guessing about the possible meaning of facts and evidence presented." *Id.* "Theorizing or guessing as to the meaning of the evidence is never adequate to uphold a conviction because it is insufficiently based on the evidence to support a belief beyond a reasonable doubt." *Cary v. State*, 507 S.W.3d 761, 766 (Tex. Crim. App. 2016).

To reach the guilty verdict in this case, the jury would have had to infer that Harrell was the person driving the van when the 911 callers saw it on the highway based simply on the fact that he was sitting in the driver's seat with his seat belt on when Officer Blair approached the parked vehicle. Under different circumstances, such an inference may not be completely unreasonable, however, given the evidence, or lack thereof, pertaining to the time gap between the 911 call and when Officer Blair found him, we conclude that such a conclusion is not sufficiently based on facts or evidence to support a finding beyond a reasonable doubt. "Although an appellate court cannot act as a thirteenth juror and make its own assessment of the evidence, it does act as a

---

[2] Officer Blair was not questioned during trial about whose vehicle it was. However, the video-cam shows that the officer asked Harrell "if it was his buddie's car," to which Harrell responded that it was and indicated that the vehicle belonged to one of the two people in the back seat.

safeguard to ensure that the factfinder's verdict is a rational one that is based on more than a "mere modicum" of evidence." *Cary*, 507 S.W.3d at 766. Here, other than Harrell's statements to Officer Blair, there was no other evidence from which a jury could rationally conclude that Harrell was operating the vehicle in a public place while intoxicated. Consequently, the evidence is insufficient to support Harrell's conviction for driving while intoxicated. We sustain Harrell's first issue.[3]

## CONCLUSION

We reverse the trial court's judgment and render judgment of acquittal.

_____
ROBBIE PARTIDA-KIPNESS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2
181133F.U05

---

[3] Due to our disposition of the legal sufficiency challenge, we do not reach Harrell's second issue.



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

ROBERT EARL HARRELL, JR.,
Appellant

No. 05-18-01133-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law
No. 1, Grayson County, Texas
Trial Court Cause No. 2017-1-0644.
Opinion delivered by Justice Partida-
Kipness, Justices Whitehill and Pedersen,
III participating.

Based on the Court's opinion of this date, the judgment of the trial court is **REVERSED** and the appellant is hereby **ACQUITTED**.

Judgment entered this 22nd day of August, 2019.