# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-18-00529-CR

---

**Kenneth Wayne Ray, Appellant**

**v.**

**The State of Texas, Appellee**

---

### FROM THE 299TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-DC-17-904052, THE HONORABLE KAREN SAGE, JUDGE PRESIDING

---

### M E M O R A N D U M   O P I N I O N

A jury convicted appellant Kenneth Wayne Ray of the offense of indecency with a child by contact and assessed punishment at eight years' imprisonment. See Tex. Penal Code § 21.11(a)(1). The district court rendered judgment on the verdict. In a single issue on appeal, Ray asserts that the evidence is insufficient to support his conviction. We will affirm the district court's judgment.

### BACKGROUND

The complainant in the case was Ray's stepdaughter, M.S., who was approximately twelve years old at the time of the offense and eighteen years old at the time of trial. M.S. testified that at the time of the offense, in 2012, she lived with her mother, her siblings, and Ray. M.S. recounted that on the day of the offense, she was sitting in her bedroom

when Ray entered the room and told her that he had to tell her something. M.S. followed Ray to his bedroom and sat on his bed. Ray told M.S. that he wanted to show her something, "laid [M.S.] down on [her] back," and proceeded to place his hands underneath her shirt and then "moved his hands down to the bottom of [her] shorts" and beneath her underwear. M.S. testified that as Ray did this, he touched her vagina and asked if that caused her to "feel anything." Then, "he went back to the top of [her] shirt and put his hand on [her] breast." At that point, M.S.'s mother, who had been in the bathroom taking a shower, turned off the shower, and "everything just stopped." M.S.'s mother entered the bedroom and asked M.S. if anything was wrong. M.S. walked out of the room, not saying anything. M.S. then locked herself in the bathroom, sat on the floor, and cried.

The next day, M.S. told her mother what had happened. M.S.'s mother then called Ray on the phone and, after speaking with him, accused M.S. of lying. When Ray came home later that day, he denied that anything had happened, and M.S.'s mother grounded M.S. "for a long time." Approximately two days later, M.S. wrote her mother a letter, telling her that the incident had not happened. When asked why she wrote the letter, M.S. testified, "Because I was being punished for something that did happen, and I didn't want to be punished no longer."

Approximately three years later, Ray claimed to have discovered pornography on M.S.'s phone and showed it to her in her bedroom. He threw the phone on her bed, went downstairs, and proceeded to exchange text messages with M.S. Copies of the text messages were admitted into evidence, including the following:

[Ray]:          So who had your phone this weekend which one of your friends
                this time or between me and you was it you

2

[M.S.]:          It was me but someone told me to I know I'm in the wrong
                 won't happen again[1]

[Ray]:           I'm thinking about letting you make it under these terms. You need
                 to let me show you what I was talking about back in the day. You
                 need to know these things and already promised to never let
                 anyone hurt you or get down on you.  I love you, [M.S.], but I
                 think you need to listen

[M.S.]:          I'm not letting you show me nothing that's the reason I'm so iffy
                 nothing after that happened and you lied to mom about it idk that
                 will never disappear in my head every[time] I see you I think about
                 that and that's not a good thing fr!

[Ray]:           That was not the point I was trying to make either

[M.S.]:          Then what was the point in all that if you were in my shoes what
                 would you think

[Ray]:           You were mad already bout being grounded but never mind I'm
                 sorry you still feel some type of way  It will never happen again

M.S. believed that Ray was referring to the incident when he had touched her.

M.S. showed the text messages to her older sister, L.S., who called their grandmother, Monte, and told her that she needed to talk to M.S.  Monte picked up M.S. from her house and, during the drive, M.S. proceeded to tell Monte what had happened with Ray. Monte, who testified at trial, recounted what M.S. told her:

She starts crying almost immediately.  She was extremely upset.  She told me that she didn't remember how old she was, but when she was 11 or 12, that Kenneth had called her into his bedroom while her mom was in the shower or in the restroom and that he had put his hand in her panties and tried to insert his—put his fingers in her.

---

[1] M.S. testified that she was admitting to having Snapchat on her phone, not pornography.

On cross-examination, Monte testified that she did not recall M.S. telling her that Ray had touched her breasts.

Monte called Child Protective Services, and an investigation ensued. Following the investigation, Ray was charged in a three-count indictment with indecency with a child. Count one alleged that Ray touched M.S.'s genitals, count two alleged that Ray touched M.S.'s breast, and count three alleged that Ray exposed his genitals to M.S. The State waived count three of the indictment at the beginning of trial.

The jury found Ray guilty of touching M.S.'s genitals but not guilty of touching her breast. This appeal followed.

**STANDARD OF REVIEW**

When examining the sufficiency of the evidence to support a finding of guilt, "[t]he standard of review is 'whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Arroyo v. State*, 559 S.W.3d 484, 487 (Tex. Crim. App. 2018) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). "This standard gives 'full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.'" *Id*. (quoting *Jackson*, 443 U.S. at 318–19; *Whatley v. State*, 445 S.W.3d 159, 166 (Tex. Crim. App. 2014)). "In considering whether the inferences drawn by the trier of fact are reasonable, an appellate court must consider the 'combined and cumulative force of all the evidence.'" *Id*. (quoting *Murray v. State*, 457 S.W.3d 446, 448 (Tex. Crim. App. 2015)). "An appellate court cannot act as a thirteenth juror and make its own assessment of the evidence." *Id*. (citing *Cary v. State*,

507 S.W.3d 761, 766 (Tex. Crim. App. 2016)). "A court's role on appeal is restricted to guarding against the rare occurrence when the factfinder does not act rationally." *Id*. (citing *Morgan v. State*, 501 S.W.3d 84, 89 (Tex. Crim. App. 2016)).

## ANALYSIS

A person commits the offense of indecency with a child by contact if the person engages in sexual contact with a child younger than 17 years of age. Tex. Penal Code § 21.11(a)(1). "Sexual contact" means any touching by a person, including touching through clothing, of the anus, breast, or any part of the genitals of a child, if committed with the intent to arouse or gratify the sexual desire of any person. *Id*. § 21.11(c)(1).

Here, M.S. testified that when she was twelve years old, Ray led her into his bedroom while her mother was in the shower, laid her down on his bed, slid his hand underneath her clothing, touched her vagina, and asked her if this caused her to "feel anything." This testimony, standing alone, is sufficient to support the jury's finding that Ray engaged in sexual contact with M.S. *See* Tex. Code Crim. Proc. art. 38.07(a)–(b) (providing that testimony of sexual-offense victim does not require corroboration if victim was 17 years of age or younger at time of offense); *Ryder v. State*, 514 S.W.3d 391, 396 (Tex. App.—Amarillo 2017, pet. ref'd) ("The testimony of a child sexual abuse victim alone is sufficient to support a conviction for indecency with a child or aggravated sexual assault."); *see also McKenzie v. State*, 617 S.W.2d 211, 216 (Tex. Crim. App. 1981) (holding that in prosecution for indecency, "the requisite specific intent to arouse or gratify the sexual desire of any person can be inferred from the defendant's conduct, his remarks and all surrounding circumstances"); *Alba v. State*, No. 03-16-00680-CR, 2018 Tex. App. LEXIS 1261, at *7-9 (Tex. App.—Austin Feb. 15, 2018, no pet.)

5

(mem. op., not designated for publication) (collecting cases concluding that child victim's testimony alone was sufficient to support conviction for sexual offense and explaining rationale for rule). Moreover, in addition to M.S.'s testimony, the jury heard evidence that Ray had sent text messages to M.S. that, when viewed in the light most favorable to the prosecution, appear to acknowledge the incident, with one message claiming that "it will never happen again."

Other evidence considered by the jury included the testimony of: (1) M.S.'s grandmother, summarized above, which was consistent with M.S.'s testimony regarding the genital touching; (2) Lisa Butterworth, a pediatric nurse practitioner who interviewed M.S. and who testified that M.S. told her that her stepfather had touched her "girl stuff" with his hand; (3) M.S.'s sister, who testified that she observed M.S. crying on the day of the incident; and (4) Dr. William Carter, a psychologist who provided expert testimony regarding the dynamics of child sexual abuse, including abuse involving family members. The defense called M.S.'s mother, who maintained that her daughter had fabricated the incident.

Ray asserts that the evidence is insufficient because, in his view, M.S. was not a credible witness. He emphasizes that M.S.'s mother did not believe her and that her sister eventually expressed doubts as to whether M.S. was telling the truth; he places significance on the letter that M.S. wrote to her mother recanting her initial outcry; he contends that M.S. fabricated the incident because she wanted to live with her grandmother; and he points to inconsistencies in M.S.'s testimony relating to events that occurred on the day of the offense. Additionally, Ray contends that the text messages were referring not to the incident but to M.S.'s behavior with boys and the punishment that she received for that behavior.

Ray is essentially asking this Court to act as a "thirteenth juror" and reconsider the evidence presented at trial. However, it is well established that the jury is the exclusive judge

6

of the credibility of the witnesses and the weight to be given their testimony, and the reconciliation of any conflicts in the evidence is the exclusive province of the jury. *See Brown v. State*, 270 S.W.3d 564, 568 (Tex. Crim. App. 2008); *Jones v. State*, 944 S.W.2d 642, 647 (Tex. Crim. App. 1996); *Jimenez v. State*, 240 S.W.3d 384, 399 (Tex. App.—Austin 2007, pet. ref'd); *Brooks v. State*, 967 S.W.2d 946, 948–49 (Tex. App.—Austin 1998, no pet.). In this case, the jury chose to believe M.S.'s testimony, to credit the other evidence supporting the State's theory of the case, and to reject the defensive evidence. On this record, we cannot conclude that it was "irrational" for the jury to do so. *See Arroyo*, 559 S.W.3d at 488–89. Accordingly, the evidence is sufficient to support Ray's conviction.

We overrule Ray's sole issue on appeal.

## CONCLUSION

We affirm the district court's judgment of conviction.

_____

Gisela D. Triana, Justice

Before Justices Goodwin, Baker, and Triana

Affirmed

Filed: August 28, 2019

Do Not Publish

7