

IN THE

**TENTH COURT OF APPEALS**

No. 10-17-00041-CR

**WILLIE DAN MAJORS, III,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 413th District Court**
**Johnson County, Texas**
**Trial Court No. F49961**

**O P I N I O N**

Willie Dan Majors, III appeals from a conviction for the offense of unlawful possession of a firearm by a felon. TEX. PENAL CODE ANN. § 46.04 (West 2011). Majors complains that the evidence was insufficient for the jury to have found that he, and not the passenger in his vehicle, possessed the firearm; that the trial court abused its discretion by admitting five photographs into evidence that had not been produced pursuant to Code of Criminal Procedure article 39.14(a); and that the trial court abused

its discretion in admitting a video clip in violation of Rule 403 of the Rules of Evidence. Because we find no reversible error, we affirm the judgment of the trial court.

**FACTS SURROUNDING THE OFFENSE**

Majors, a resident of Killeen, was driving a silver Chrysler Sebring in Cleburne when he was stopped for failing to signal turns. The vehicle was owned by and registered to Majors. During the traffic stop it was discovered that Majors was driving with a suspended license and that he had a prior felony conviction. Majors was placed under arrest and removed from the vehicle. There was a passenger in the vehicle with Majors who gave multiple false names and birth dates to law enforcement who was arrested as well for an outstanding warrant for jaywalking. After his identity was finally verified, the passenger was determined to be a resident of Fort Worth.

Law enforcement decided that the vehicle would have to be towed and impounded and conducted an inventory search of the vehicle. An officer conducting the inventory found a loaded black 9 mm Hi-point Luger in the center console of the vehicle. The officer picked up the firearm with his bare hands and unloaded it, which resulted in the inability to later fingerprint the weapon or bullets.

Majors was uncooperative with law enforcement at the scene, refusing to open his car door or to exit the vehicle when requested and he had to be physically removed from the vehicle. Majors was placed in restraints and continually claimed that his driver's license was not invalid until he was "assisted" into the rear of the law enforcement

officer's vehicle. At some point Majors told the officers that his passenger did not know what was in the vehicle and asked that the passenger be released.

When an officer informed the passenger that the firearm had been located, the officer stated that the passenger denied knowledge of the firearm, and the officer believed that the passenger was genuinely shocked and surprised. Majors was not questioned about or informed that the weapon had been found. It was later discovered that the firearm was registered at Ford Hood and had been stolen from a soldier's residence in Harker Heights, a city adjacent to Killeen.

SUFFICIENCY OF THE EVIDENCE

In his first issue, Majors complains that the evidence was insufficient for the jury to have found beyond a reasonable doubt that he was in possession of a firearm. The Court of Criminal Appeals has expressed our standard of review of a sufficiency issue as follows:

> In determining whether the evidence is legally sufficient to support a conviction, a reviewing court must consider all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational fact finder could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). This "familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. "Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction." *Hooper*, 214 S.W.3d at 13.

*Lucio v. State*, 351 S.W.3d 878, 894 (Tex. Crim. App. 2011).

The Court of Criminal Appeals has also explained that our review of "all of the evidence" includes evidence that was properly and improperly admitted. *Conner v. State*, 67 S.W.3d 192, 197 (Tex. Crim. App. 2001). And if the record supports conflicting inferences, we must presume that the factfinder resolved the conflicts in favor of the prosecution and therefore defer to that determination. *Jackson v. Virginia*, 443 U.S. at 326. Further, direct and circumstantial evidence are treated equally: "Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt." *Hooper v. State*, 214 S.W.3d at 13. Finally, it is well established that the factfinder is entitled to judge the credibility of witnesses and can choose to believe all, some, or none of the testimony presented by the parties. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991).

We analyze the sufficiency of the evidence of possession of a firearm by a felon under the standards adopted for establishing the sufficiency of the evidence in cases of possession of a controlled substance. *Corpus v. State*, 30 S.W.3d 35, 37-38 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd). Thus, the State must establish "that appellant knew of the weapon's existence and that he exercised actual care, custody, control, or management over it." *Id*. The State may prove possession through direct or circumstantial evidence, although the evidence must establish that the accused's connection with the weapon was more than fortuitous. *Poindexter v. State*, 153 S.W.3d

402, 405-06 (Tex. Crim. App. 2005).

When, as here, the accused is not in exclusive control of the place the weapon was found, "there must be independent facts and circumstances linking the accused to the contraband." *Corpus*, 30 S.W.3d at 38. Affirmative links to the firearm may circumstantially establish an accused's knowing possession of a firearm including, without limitation: (1) his presence when a search is conducted; (2) whether the firearm was in plain view; (3) whether the firearm was in close proximity to him and he had access to the firearm; (4) whether he had a special connection to the firearm; (5) whether he possessed other contraband when arrested; (6) whether he made incriminating statements when taken into custody; (7) whether he attempted to flee; (8) whether he made furtive gestures; (9) whether he owned or had the right to possess the place where the firearm was found; (10) whether the place where the firearm was found was enclosed; (11) whether conflicting statements on relevant matters were given by the persons involved; and (12) whether his conduct indicated a consciousness of guilt. *See James v. State*, 264 S.W.3d 215, 219 (Tex. App.—Houston [1st Dist.] 2008, pet. ref'd); *Bates v. State*, 155 S.W.3d 212, 216-17 (Tex. App.—Dallas 2004, no pet.); *Corpus*, 30 S.W.3d at 38. The absence of any of these various links does not constitute evidence of innocence to be weighed against the links present, however. *Williams v. State*, 313 S.W.3d 393, 398 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd). Instead, we measure the sufficiency of the evidence by looking to the logical force of all of the evidence, rather than the number of

links present in a given case.  *See id.*

Majors argues that because the passenger in the vehicle lied about his identity several times, the firearm was found in the center console of the vehicle within equal proximity of his passenger, and the lack of fingerprints due to the mishandling of the firearm, there was insufficient evidence to show that he was in possession of the firearm. While Majors is correct that the firearm was in an area equally accessible to him and his passenger, the fact that the vehicle that Majors owned held a firearm that had been stolen from the area where Majors lived, taken with Majors' comments and conduct at the scene constituted sufficient evidence for the jury to determine that he was in possession of the firearm.  We find that the evidence was sufficient and overrule issue one.

CODE OF CRIMINAL PROCEDURE ARTICLE 39.14

In his second issue, Majors complains that the trial court erred by admitting five photographs that had not been provided to him in pretrial discovery pursuant to Article 39.14 of the Code of Criminal Procedure.  Article 39.14 provides that "after receiving a timely request from the defendant" the State is required to produce certain items in discovery.  During the pendency of this proceeding, Majors filed several motions for discovery with the trial court.  One of the motions asked the trial court to order the State to produce any photographic evidence to be used at trial and refers to Article 39.14 in the motion, however, the record does not indicate that the trial court ruled on the motion. There is no other request for discovery in the record.

The motion for discovery, however, was a motion addressed to the trial court, not a notice or request to the State. A discovery motion requests the trial court's action, that is, an order from the court directing the State to produce evidence. *Mitchell v. State*, 982 S.W.2d 425, 427 (Tex. Crim. App. 1998) (*citing Espinosa v. State*, 853 S.W.2d 36, 38 (Tex. Crim. App. 1993) (per curiam)). Conversely, a self-operating "request" is directed to a party and instructs that party to take some action without the necessity of intervention by the court. *President v. State*, 926 S.W.2d 805, 808 (Tex. App.—Austin 1996, pet. ref'd). We believe that the request pursuant to Article 39.14 is similar to a request pursuant to Article 37.07 of the Code of Criminal Procedure or Rule of Evidence 404(b) relating to extraneous offenses. The Court of Criminal Appeals has held that when a document seeks trial court action, it cannot also serve as a request for notice triggering the State's duty under Article 37.07 of the Code of Criminal Procedure or Rule 404(b) until it is actually ruled on by the trial court. *See Mitchell*, 982 S.W.2d at 427 (Article 37.07); *Espinosa*, 853 S.W.2d at 39 (Rule 404(b)). Because Majors filed a motion but did not seek a ruling from the trial court and the record does not reflect that he otherwise requested production of the photographs, the State did not have a duty to produce the photographs pursuant to Article 39.14 and the trial court did not abuse its discretion by admitting them into evidence. We overrule issue two.

**RULE OF EVIDENCE 403**

In his third issue, Majors complains that the trial court abused its discretion by

admitting a video clip that had been posted on Majors' Facebook page where Majors stated that he had been to the penitentiary, had money, was going to buy guns, and that "[m]y exit wound is your worse (sic) mother f**king concept." The video had been posted on his Facebook page approximately five months prior to Majors' arrest for the current offense. At trial, Majors objected pursuant to Rules 401, 404(b), and 403 of the Rules of Evidence and the trial court overruled his objections and admitted an excerpt of the video containing the statements described above. The trial court gave the jury a limiting instruction regarding extraneous offenses at the time of the admission of the video. In this appeal, Majors does not challenge the admission of the video pursuant to Rule 404(b) but limits his complaint to Rule 403, arguing that the video had no probative value and was unfairly prejudicial. He does not challenge the remoteness, if any, of the video in his analysis.

Evidence may be excluded under Texas Rule of Evidence 403 if its probative value is substantially outweighed by the danger of unfair prejudice. *See* TEX. R. EVID. 403. But this rule also favors the admission of relevant evidence, and such evidence is presumed to be more probative than prejudicial. *See Shuffield v. State*, 189 S.W.3d 782, 787 (Tex. Crim. App. 2006). An analysis under Rule 403 includes, but is not limited to, the following factors: (1) the probative value of the evidence, (2) the potential to impress the jury in some irrational yet indelible way, (3) the time needed to develop the evidence, and (4) the proponent's need for the evidence. *Hernandez v. State*, 390 S.W.3d 310, 324

(Tex. Crim. App. 2012).

Majors' defensive theory was that the firearm was actually possessed solely by the passenger in his vehicle who had repeatedly lied to law enforcement about his identity in an effort to avoid being arrested for an outstanding warrant for jaywalking. The video is probative to show that Majors is a felon who had been to the penitentiary, and that he was seeking to purchase, possess, and use firearms. The evidence was important to the State to show that Majors was the one who possessed the firearm. Further, the video did not take an inordinate amount of time to present, nor did it confuse or distract the jury from the main issue, which was whether or not he was in possession of the firearm found in the center console of the vehicle he owned and was driving. There is nothing in the record to indicate that the evidence impressed the jury in an irrational yet indelible way, and we presume the jury was able to follow the trial court's instruction to the jury regarding the limited purpose of its admissibility. *Gamboa v. State*, 296 S.W.3d 574, 580 (Tex. Crim. App. 2009). The trial court did not abuse its discretion by admitting the video into evidence. We overrule issue three.

**CONCLUSION**

Having found no reversible error, we affirm the judgment of the trial court.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Affirmed
Opinion delivered and filed July 25, 2018
Publish
[CR25]

