**Opinion filed March 29, 2019**



In The

# Eleventh Court of Appeals

_____

## No. 11-17-00055-CR
_____

## MARCO ANTONIO MORALES, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 70th District Court**
**Ector County, Texas**
**Trial Court Cause No. A-45,305**

## MEMORANDUM OPINION

The trial court originally deferred the adjudication of Marco[1] Antonio Morales's guilt in connection with two counts of aggravated assault with a deadly weapon and placed him on community supervision. Later, the trial court found that Appellant had violated the terms and conditions of his community supervision,

---

[1]We note that the indictment shows Appellant's name to be Marco Antonio Morales but that the judgments show his first name to be "Marcos."

adjudicated his guilt, assessed his punishment at confinement for twenty years, and sentenced him accordingly. In one issue on appeal, Appellant contends that the trial court abused its discretion when it failed to grant Appellant's motion for new trial based on the State's failure to disclose an offense report. We affirm.

In its "Motion For Warrant and To Adjudicate Guilt," the State alleged that Appellant had committed five violations of the terms and conditions of his community supervision. The terms of Appellant's community supervision included, among other things, provisions that Appellant (1) was not to possess a firearm, (2) was not to commit any new state or federal criminal offenses, (3) was to abide by a 10:00 p.m. to 6:30 a.m. nightly curfew unless he was at work, and (4) was not to be around drugs or alcohol. The State alleged that Appellant had violated his curfew; had committed the criminal offense of tampering with evidence; had, on two occasions, committed the criminal offense of evading arrest; and had possessed a firearm. Appellant pleaded "not true" to all five allegations.

Officer Lyle Hahn, Sergeant John Sikes, and Corporal Michael Stewart, each a member of the Odessa Police Department, testified that, around midnight on September 22, 2016, they were dispatched to a residence to conduct a welfare check and to investigate a party that involved underage drinking and drugs. Sergeant Sikes testified that, after he arrived, he saw Appellant run across the roof of the residence. Sergeant Sikes told Appellant to stop and to come down from the roof, but Appellant threw an object off the roof and then jumped off the roof and went back into the house. Sergeant Sikes and Corporal Stewart located the object on the ground—a pistol that was partially wrapped in a pair of "boxer shorts." Sergeant Sikes testified that he was certain that Appellant threw the pistol off the roof because the pistol was not on the ground when Sergeant Sikes previously walked around the residence several times.

2

Sergeant Sikes testified that, after the officers had cleared the house, they received information that someone might be hiding inside. Sergeant Sikes found Appellant hiding in the attic. Sergeant Sikes testified that he recognized Appellant as the individual whom he had seen on the roof.

The trial court found all five of the State's allegations to be "true." During the punishment portion of the hearing, Appellant admitted that he went to the party and that he did drugs and drank alcohol while he was there. Appellant described the night as "a big blur."

After the trial court sentenced him, Appellant timely filed a motion for new trial. In the motion for new trial, Appellant asserted that he was entitled to a new adjudication hearing because the State failed to disclose an offense report that Sergeant Sikes had prepared. The trial court held a hearing and ultimately denied the motion for new trial.

Appellant contends that the trial court abused its discretion when it denied Appellant's motion for new trial. Appellant asserts that the State violated Article 39.14 of the Texas Code of Criminal Procedure when the State failed to provide Appellant with Sergeant Sikes's offense report. *See* TEX. CODE CRIM. PROC. ANN. art. 39.14 (West Supp. 2018). Appellant further asserts that the failure to disclose this report impacted Appellant's trial strategy and that the outcome of the hearing would have been different if the State had disclosed this report. We disagree.

We review a trial court's denial of a motion for new trial under an abuse of discretion standard. *Keeter v. State*, 74 S.W.3d 31, 37 (Tex. Crim. App. 2002). We view the evidence in the light most favorable to the trial court's ruling and will not overturn a trial court's decision to deny a motion for new trial unless the decision falls outside the zone of reasonable disagreement. *Webb v. State*, 232 S.W.3d 109, 112 (Tex. Crim. App. 2007) (citing *Wead v. State*, 129 S.W.3d 126, 129 (Tex. Crim. App. 2004)).

When the State suppresses or fails to disclose material exculpatory evidence, the good or bad faith of the prosecution generally is irrelevant. *Brady v. Maryland*, 373 U.S. 83, 87 (1963). However, when evidence is at best "potentially useful," then the defendant must show "bad faith." *Ex parte Napper*, 322 S.W.3d 202, 231 (Tex. Crim. App. 2010). "Bad faith" is more than being aware that one's action or inaction could result in the loss of evidence. *Id.* at 238. Bad faith involves an improper motive, such as personal animus against the defendant or a desire to prevent the defendant from obtaining potentially useful evidence. *Id.* The existence of a discovery request does not eliminate the necessity to show bad faith. *Id.* at 231 (citing *Illinois v. Fisher*, 540 U.S. 544, 548 (2004)).

Because Appellant's trial attorney was a witness at the hearing on the motion for new trial, Appellant's appellate attorney handled the motion for new trial. Appellant's trial attorney testified that he filed a discovery motion with the trial court but that he did not learn that Sergeant Sikes had previously made an offense report until during the adjudication hearing. Article 39.14 of the Texas Rules of Criminal Procedure provides that discovery requests are to be filed with the State. When a defendant instead files a motion for discovery with the trial court and the trial court does not act upon it, the State's duties under Article 39.14 are not triggered. *See Majors v. State*, 554 S.W.3d 802, 807–08 (Tex. App.—Waco 2018, no pet.) (holding that Article 39.14 requires that a request be directed to the State and that a "motion" for discovery, unless ruled upon by the court, does not trigger the State's duty under Article 39.14). However, even if the State did have such a duty, Appellant, as we will discuss, has not shown that the State acted in bad faith.

Sergeant Sikes testified that he generated the offense report by computer but that he had not been able to retrieve it. Until the morning of the adjudication hearing, Sergeant Sikes believed that "everything had worked properly" when he completed and saved the report. He further testified that he had no intent to hide this

4

information from Appellant and that he had made an exhaustive effort to try to find the report—he looked through every record and report that he could.

Trial counsel testified that Sergeant Sikes's testimony "completely killed our defense in the case"—identification. Trial counsel conceded that, in the other officers' offense reports, they stated that Sergeant Sikes positively identified Appellant as the subject who threw the pistol off the roof. However, trial counsel testified that, in the other reports, the officers did not include specific details, such as the subject's apparel. Trial counsel also testified that, based on Sergeant Sikes's testimony, the offense report did not contain any exculpatory information but, instead, contained more detailed inculpatory information. When asked how this information would change the outcome of the hearing, trial counsel responded that "it changes the way we approach it."

Trial counsel did not believe that, at the time of the adjudication hearing, the State was aware that Sergeant Sikes had drafted a report, nor did he believe that the State had intentionally failed to disclose the report. Additionally, Appellant's attorney on the motion for new trial stated to the trial court, "On behalf of my client, we don't believe that the DA intentionally withheld that report."

Here, Sergeant Sikes's missing offense report was, at best, "potentially useful" evidence. Trial counsel testified that "[e]vidence-wise [the offense report] doesn't exclude [Appellant]," that he did not believe that the report included any exculpatory information, and that having the report would have impacted his trial strategy. Thus, Sergeant Sikes's offense report would have been, at best, "potentially useful" evidence, not material exculpatory evidence. *See Arizona v. Youngblood*, 488 U.S. 51, 57 (1988); *Brady*, 373 U.S. 83. As a result, Appellant must have shown "bad faith." *See Ex parte Napper*, 322 S.W.3d at 231; *Moody v. State*, 551 S.W.3d 167, 171 (Tex. App.—Fort Worth 2017, no pet.).

Appellant has failed to show that the State acted in bad faith. Sergeant Sikes testified that, even though he could not retrieve his offense report, he had looked for the report and had no intent to hide it. Trial counsel testified that he did not believe that the State was aware of the report at the time of the adjudication hearing. Furthermore, both of Appellant's attorneys stated that they did not believe that the State withheld the report intentionally. Because there is nothing in the record that indicates the State acted in bad faith when it failed to preserve and disclose the offense report, we hold that the trial court did not abuse its discretion when it denied Appellant's motion for new trial. We overrule Appellant's sole issue on appeal.

We affirm the judgment of the trial court.


JIM R. WRIGHT
SENIOR CHIEF JUSTICE


March 29, 2019

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[2]

Willson, J., not participating.

---

[2]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.