

# IN THE
# TENTH COURT OF APPEALS

### No. 10-18-00046-CR

**BRIAN CHRISTOPHER DAWSON,**

                                                    **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                    **Appellee**

**From the 21st District Court
Burleson County, Texas
Trial Court No. 15349**

## MEMORANDUM OPINION

Brian Christopher Dawson was convicted of felon in possession of a firearm and sentenced to 99 years in prison. *See* TEX. PENAL CODE ANN. § 46.04(a) (West 2011). Because the trial court did not err in denying Dawson's motion to suppress and because the evidence is legally sufficient to support the conviction, the trial court's judgment is affirmed.

## MOTION TO SUPPRESS

In his first issue,[1] Dawson contends the trial court abused its discretion in denying Dawson's motion to suppress because the vehicle in which Dawson was a passenger was searched without a warrant and no valid exception to the warrant requirement was established.

We review a motion to suppress evidence under a bifurcated standard. *State v. Kerwick*, 393 S.W.3d 270, 273 (Tex. Crim. App. 2013). When the trial judge makes explicit findings of fact, we afford those findings almost total deference as long as the record supports them, regardless of whether the motion to suppress was granted or denied. *State v. Garcia-Cantu*, 253 S.W.3d 236, 241 (Tex. Crim. App. 2008); *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). We review de novo, however, a trial judge's application of the law of search and seizure to the facts. *Wade v. State*, 422 S.W.3d 661, 667 (Tex. Crim. App. 2013).

Dawson was identified as confronting and chasing a person in an apartment complex because the person owed money to Dawson's friend. An eyewitness to the incident called 911 and told the operator that Dawson had a 9-millimeter handgun sticking out of his pants pocket and gave the operator the license plate number and a description of the vehicle in which Dawson left the scene. Dispatch broadcast the vehicle

---

[1] Dawson's actual first issue was a complaint about the trial court's failure to make findings of fact and conclusions of law. We abated the appeal so that the trial court could remedy this failure. It did. We now, on our own, label Dawson's second issue as his first and his third issue as his second.

description, license plate number, and that Dawson had a gun. Deputy Stephens of the Burleson County Sheriff's Department saw a vehicle matching the description given; and when he turned around to follow the vehicle, he saw that the license plate number matched as well. The vehicle pulled over and stopped before Stephens activated his lights or siren. Stephens pulled in behind it. Once backup arrived and Stephens confirmed with a deputy at the scene of the incident that the eyewitness said Dawson had a gun and also confirmed with an assistant district attorney that Stephens had probable cause to search, Stephens searched the vehicle. A .380 caliber handgun, similar in size and color to the description of the gun given by the eyewitness, was located in the vehicle.

The Fourth Amendment to the United States Constitution protects against unreasonable searches and seizures by government officials. U.S. CONST. amend. IV; *see Wiede v. State*, 214 S.W.3d 17, 24 (Tex. Crim. App. 2007). Because in this case it is undisputed that a search and seizure occurred without a warrant, the burden was on the State to prove that the search or seizure was nevertheless reasonable under the totality of the circumstances. *Amador v. State*, 221 S.W.3d 666, 672 (Tex. Crim. App. 2007). A warrantless search is unreasonable *per se* unless it fits into one of a "few specifically established and well delineated exceptions." *Minnesota v. Dickerson*, 508 U.S. 366, 372, 113 S. Ct. 2130, 2135, 124 L. Ed.2d 334 (1993) (quoting *Thompson v. Louisiana*, 469 U.S. 17, 19-20, 105 S. Ct. 409, 410, 83 L. Ed.2d 246 (1984)); *see also State v. Rodriguez*, 521 S.W.3d 1, 10

(Tex. Crim. App. 2017).

Under the automobile exception to the warrant requirement, law enforcement may search an automobile and the containers within it where they have probable cause to believe contraband or evidence is contained. *Cal. v. Acevedo*, 500 U.S. 565, 580, 111 S. Ct. 1982, 114 L. Ed. 2d 619 (1991); *Yoon Chung v. State*, 475 S.W.3d 378, 387 (Tex. App.—Waco 2014, pet. ref'd). Probable cause exists when reasonably trustworthy facts and circumstances within the knowledge of the police officer on the scene would lead the officer to reasonably believe that evidence of a crime will be found. *Turrubiate v. State*, 399 S.W.3d 147, 151 (Tex. Crim. App. 2013).

Reviewing the evidence de novo, we conclude that a police officer could reasonably believe that the gun the eyewitness had seen was in the vehicle. Thus, Stephens had probable cause to search the vehicle under the automobile exception to the warrant requirement, and the trial court did not err in denying Dawson's motion to suppress.[2] Dawson's first issue is overruled.

**SUFFICIENCY OF THE EVIDENCE**

In his second issue, Dawson contends the evidence is insufficient to support his conviction because the State failed to prove intentional or knowing possession of a firearm.

---

[2] We need not discuss the remainder of Dawson's issue, that is, whether the search was valid as a search incident to arrest or inventory search.

The Court of Criminal Appeals has expressed our standard of review of a sufficiency issue as follows:

> When addressing a challenge to the sufficiency of the evidence, we consider whether, after viewing all of the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *Villa v. State*, 514 S.W.3d 227, 232 (Tex. Crim. App. 2017). This standard requires the appellate court to defer "to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. We may not re-weigh the evidence or substitute our judgment for that of the factfinder. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). The court conducting a sufficiency review must not engage in a "divide and conquer" strategy but must consider the cumulative force of all the evidence. *Villa*, 514 S.W.3d at 232. Although juries may not speculate about the meaning of facts or evidence, juries are permitted to draw any reasonable inferences from the facts so long as each inference is supported by the evidence presented at trial. *Cary v. State*, 507 S.W.3d 750, 757 (Tex. Crim. App. 2016) (*citing Jackson*, 443 U.S. at 319); *see also Hooper v. State*, 214 S.W.3d 9, 16-17 (Tex. Crim. App. 2007). We presume that the factfinder resolved any conflicting inferences from the evidence in favor of the verdict, and we defer to that resolution. *Merritt v. State*, 368 S.W.3d 516, 525 (Tex. Crim. App. 2012). This is because the jurors are the exclusive judges of the facts, the credibility of the witnesses, and the weight to be given to the testimony. *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010). Direct evidence and circumstantial evidence are equally probative, and circumstantial evidence alone may be sufficient to uphold a conviction so long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction. *Ramsey v. State*, 473 S.W.3d 805, 809 (Tex. Crim. App. 2015); *Hooper*, 214 S.W.3d at 13.

> We measure whether the evidence presented at trial was sufficient to support a conviction by comparing it to "the elements of the offense as defined by the hypothetically correct jury charge for the case." *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). The hypothetically correct jury charge is one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof

or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id.*; *see also Daugherty v. State*, 387 S.W.3d 654, 665 (Tex. Crim. App. 2013). The "law as authorized by the indictment" includes the statutory elements of the offense and those elements as modified by the indictment. *Daugherty*, 387 S.W.3d at 665.

*Zuniga v. State*, 551 S.W.3d 729, 732-33 (Tex. Crim. App. 2018).

We analyze the sufficiency of the evidence of possession of a firearm by a felon under the standards adopted for establishing the sufficiency of the evidence in cases of possession of a controlled substance. *Majors v. State*, 554 S.W.3d 802, 806 (Tex. App.—Waco 2018, no pet.); *Corpus v. State*, 30 S.W.3d 35, 37-38 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd). Thus, the State must establish the defendant knew of the weapon's existence and exercised actual care, custody, control, or management over it. *Id.* The State may prove possession through direct or circumstantial evidence, although the evidence must establish that the accused's connection with the weapon was more than fortuitous. *Poindexter v. State*, 153 S.W.3d 402, 405-06 (Tex. Crim. App. 2005).

The eyewitness told Deputy Frank Benavides, also with the Burleson County Sheriff's Department, at the scene of the incident that Dawson had a black handgun. She told Benavides that she saw it in Dawson's waistband when he lifted up his shirt. The eyewitness backtracked some in her testimony at trial, however, stating that she saw what she "believed to be a gun" in Dawson's front pocket. In addition to the eyewitness's testimony, a gun fitting the general description given by the eyewitness was found within Dawson's reach in the vehicle in which Dawson left the apartment complex. Under either

theory of possession, what the eyewitness saw in Dawson's pocket or what Deputy Stephens found in the car, viewing the evidence in the light most favorable to the verdict, the evidence is sufficient to establish that Dawson knew of the gun's existence and exercised actual care, custody, control, or management over it. Thus, the evidence is sufficient to establish Dawson's intentional or knowing possession of a firearm.

Dawson's second issue is overruled.

## CONCLUSION

Having overruled each issue on appeal, we affirm the trial court's judgment.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Neill
Affirmed
Opinion delivered and filed April 24, 2019
Do not publish
[CRPM]

