

# IN THE
# TENTH COURT OF APPEALS

### No. 10-18-00179-CR

**ROY CASTANEDA RODRIGUEZ,**

                                                            **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                            **Appellee**

**From the 272nd District Court
Brazos County, Texas
Trial Court No. 16-03800-CRF-272**

## MEMORANDUM OPINION

In two issues, appellant, Roy Castaneda Rodriguez, challenges his conviction for unlawful possession of a controlled substance in an amount greater than four grams, but less than 200 grams, with intent to deliver. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(d). We affirm.

## I.     SUFFICIENCY OF THE EVIDENCE

In his first issue, appellant contends that the evidence supporting his conviction is insufficient because no rational trier of fact could have found beyond a reasonable doubt that he knowingly possessed methamphetamine, as alleged in the indictment. We disagree.

## A.     Applicable Law

The Court of Criminal Appeals has expressed our standard of review of a sufficiency issue as follows:

> When addressing a challenge to the sufficiency of the evidence, we consider whether, after viewing all of the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *Villa v. State*, 514 S.W.3d 227, 232 (Tex. Crim. App. 2017). This standard requires the appellate court to defer "to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. We may not re-weigh the evidence or substitute our judgment for that of the factfinder. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). The court conducting a sufficiency review must not engage in a "divide and conquer" strategy but must consider the cumulative force of all the evidence. *Villa*, 514 S.W.3d at 232. Although juries may not speculate about the meaning of facts or evidence, juries are permitted to draw any reasonable inferences from the facts so long as each inference is supported by the evidence presented at trial. *Cary v. State*, 507 S.W.3d 750, 757 (Tex. Crim. App. 2016) (citing *Jackson*, 443 U.S. at 319); *see also Hooper v. State*, 214 S.W.3d 9, 16-17 (Tex. Crim. App. 2007). We presume that the factfinder resolved any conflicting inferences from the evidence in favor of the verdict, and we defer to that resolution. *Merritt v. State*, 368 S.W.3d 516, 525 (Tex. Crim. App. 2012). This is because the jurors are the exclusive judges of the facts, the credibility of the

witnesses, and the weight to be given to the testimony. *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010). Direct evidence and circumstantial evidence are equally probative, and circumstantial evidence alone may be sufficient to uphold a conviction so long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction. *Ramsey v. State*, 473 S.W.3d 805, 809 (Tex. Crim. App. 2015); *Hooper*, 214 S.W.3d at 13.

We measure whether the evidence presented at trial was sufficient to support a conviction by comparing it to "the elements of the offense as defined by the hypothetically correct jury charge for the case." *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). The hypothetically correct jury charge is one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id.*; *see also Daugherty v. State*, 387 S.W.3d 654, 665 (Tex. Crim. App. 2013). The "law as authorized by the indictment" includes the statutory elements of the offense and those elements as modified by the indictment. *Daugherty*, 387 S.W.3d at 665.

*Zuniga v. State*, 551 S.W.3d 729, 732-33 (Tex. Crim. App. 2018).

The elements for possession of a controlled substance with intent to deliver are that the defendant: (1) possessed a controlled substance in the amount charged; (2) intended to deliver the controlled substance to another; and (3) knew that the substance in his possession was a controlled substance. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.002(38) (West Supp. 2016); *see also Erskine v. State*, 191 S.W.3d 374, 379 (Tex. App.—Waco 2006, no pet.) (citing *Nhem v. State*, 129 S.W.3d 696, 699 (Tex. App.—Houston [1st Dist.] 2004, no pet.)). To prove unlawful possession of a controlled substance, the State was required to prove beyond a reasonable doubt that: (1) appellant exercised control,

management, or care over the substance; and (2) he knew that the matter possessed was contraband. *See Blackman v. State*, 350 S.W.3d 588, 594 (Tex. Crim. App. 2011); *Poindexter v. State*, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005).

Whether this evidence is direct or circumstantial, "it must establish, to the requisite level of confidence, that the accused's connection with the drug was more than just fortuitous. This is the whole of the so-called 'affirmative links' rule." *Poindexter*, 153 S.W.3d at 405-06. This rule is designed to protect the innocent bystander from conviction based solely upon his fortuitous proximity to someone else's drugs. *Evans v. State*, 202 S.W.3d 158, 162 (Tex. Crim. App. 2006). However, presence or proximity, when combined with other evidence, either direct or circumstantial (e.g., links), may be sufficient to establish that element beyond a reasonable doubt. *Id.* Evidence which links the defendant to the controlled substance suffices for proof that he possessed it knowingly. *Brown v. State*, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995).

Texas courts have considered the following non-exclusive list of factors in determining a link between the accused and contraband: (1) the contraband was in plain view; (2) the accused owned the premises or had the right to possess the place where the contraband was found; (3) the accused had a large amount of cash when found; (4) the accused's access to the contraband; (5) the accused's close proximity to the contraband; (6) there was a strong residual odor of the contraband; (7) the accused possessed other contraband when arrested; (8) paraphernalia to use the contraband was present on the

accused or in plain view; (9) the accused was under the influence of narcotics when arrested; (10) the accused's conduct indicated a consciousness of guilt; (11) the accused attempted to escape or flee; (12) the accused made furtive gestures; (13) the accused had a special connection to the contraband; (14) conflicting statements about relevant matters were made by the occupants; (15) the accused made incriminating statements connecting himself to the contraband; (16) the quantity of the contraband; and (17) the accused was observed in a suspicious area under suspicious circumstances. *See Evans*, 202 S.W.3d at 162 n.12; *see also Lopez v. State*, 267 S.W.3d 85, 92 (Tex. App.—Corpus Christi 2008, no pet.) (citing *Lassaint v. State*, 79 S.W.3d 736, 740-41 (Tex. App.—Corpus Christi 2002, no pet.)). It is not the number of links that is dispositive, but rather the logical force of all of the evidence, direct and circumstantial. *Evans*, 202 S.W.3d at 162.

## B. Discussion

Officer Seth Waller of the Bryan Police Department arrived at a Motel 6 in Bryan, Texas, to execute an arrest of Stephanie Sierra. Testimony revealed that the Motel 6 was a location recognized by law enforcement as frequently used for narcotics transactions. Officer Waller knocked on the door to room 109, and appellant immediately answered the door. Officer Waller recognized appellant and informed appellant that he was looking for Sierra. Appellant was the only person in room 109 and gave Officer Waller permission to enter the room. While standing in the entryway to the room, Officer Waller observed contraband inside the room—namely, a methamphetamine pipe on top of a

Styrofoam cup. After entering the room, Officer Waller saw, in plain view, a black weighing scale next to the Styrofoam cup that had what appeared to be methamphetamine residue on it, a marihuana blunt cigar that was partially smoked, and a clear or orange pill bottle without a prescription label that appeared to contain marihuana. Officer Waller opened the pill bottle and discovered two varieties of pills and a clear bag containing a crystal-like substance that was later identified as approximately 9.08 grams of methamphetamine that was identified as a dealer amount, as users typically purchase a gram or less at a time. The pills were later identified as Xanax and hydrocodone pills. Because there was no one else in the room at the time, and due to the close proximity to appellant of the open and obvious contraband found, Officer Waller placed appellant under arrest. After arresting appellant, Officer Waller found a large sum of cash—more than $500—on appellant's person and that he had two cell phones.

The State also presented the testimony of Sergeant Andy Murph of the City of College Station Police Department, regarding a phone call appellant made while in jail, wherein appellant describes drug transactions in a manner and in language typically used by drug dealers.

To further demonstrate appellant's knowledge of illegal contraband and his involvement in drug dealing and over appellant's objection under Texas Rule of Evidence 403, the State presented extraneous-offense evidence through Officer Alex Markantes of

the Bryan Police Department, who recounted a single-vehicle accident that appellant was involved in about six months after the Motel 6 incident involved in this case. Officer Markantes testified that when he arrived at the scene of the accident, appellant was unconscious, and there were no other occupants in the vehicle. Officer Markantes smelled an odor of burnt marihuana, and he found a marihuana roach and a Marlboro Menthol cigarette package containing plastic baggies. Inside the plastic baggies were shards of crystal methamphetamine. This cigarette package was found behind the gas door of the vehicle. Additionally, Officer Markantes found a glass pipe commonly used for methamphetamine, two scales, and numerous empty plastic baggies inside the vehicle—the latter two indicators of drug dealing.

The foregoing evidence touches on many of the *Evans* links. See *Evans*, 202 S.W.3d at 162 n.12; *see also Lopez*, 267 S.W.3d at 92; *Lassaint*, 79 S.W.3d at 740-41. Therefore, based on the logical force of all of the evidence, both direct and circumstantial, we cannot say that appellant's connection to the drugs inside room 109 at the Motel 6 was merely fortuitous. *See Evans*, 202 S.W.3d at 162; *see also Poindexter*, 153 S.W.3d at 405-06. The evidence adduced at trial demonstrates appellant's ongoing involvement with drugs. *See Evans*, 202 S.W.3d at 162 (stating that, among other things, mere presence at the location where drugs are found is insufficient, by itself, to establish actual care, custody, or control of those drugs); *Poindexter*, 153 S.W.3d at 405; *see also Brown*, 911 S.W.2d at 747 (noting that evidence which links the defendant to the controlled substance suffices for proof that

he possessed it knowingly). As such, we conclude that the evidence links appellant to the drugs seized from room 109 at the Motel 6 on the night in question. *See Evans*, 202 S.W.3d at 162; *Poindexter*, 153 S.W.3d at 405; *Brown*, 911 S.W.2d at 747. Accordingly, viewing the evidence in the light most favorable to the jury's verdict, we cannot conclude that the evidence is insufficient to support appellant's conviction. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(d); *see also Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Clayton*, 235 S.W.3d at 778; *Hooper*, 214 S.W.3d at 16-17. We overrule appellant's first issue.

## II. APPELLANT'S OBJECTION UNDER TEXAS RULE OF EVIDENCE 403

In his second issue, appellant argues that the trial court abused its discretion by overruling his objection under Texas Rule of Evidence 403 as to the admission of extraneous-offense evidence pertaining to his automobile accident, and that there is a fair assurance that the erroneous admission of the extraneous-offense evidence had a substantial and injurious effect or influence on the jury's verdict. Once again, we disagree.

### A. Applicable Law

We review the trial court's admission of extraneous-offense evidence for an abuse of discretion. *De La Paz v. State*, 279 S.W.3d 336, 343 (Tex. Crim. App. 2009). If the trial court's ruling is within the zone of reasonable disagreement, there is no abuse of discretion. *Prible v. State*, 175 S.W.3d 724, 731 (Tex. Crim. App. 2005). A trial court's ruling on the admissibility of an extraneous offense is generally within this zone if the

evidence shows that: (1) an extraneous transaction is relevant to a material, non-propensity issue; and (2) the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. *De La Paz*, 279 S.W.3d at 344. "Furthermore, if the trial court's evidentiary ruling is correct on any theory of law applicable to that ruling, it will not be disturbed even if the trial judge gave the wrong reason for his right ruling." *Id.*

In the instant case, appellant objected to the State introducing testimony from Officer Markantes regarding appellant's unconscious presence in an automobile from which contraband was recovered. Specifically, appellant objected to this testimony under Texas Rule of Evidence 403. *See* TEX. R. EVID. 403.

Evidence, though relevant, can nonetheless be excluded when its probative value is substantially outweighed by the danger of unfair prejudice. *Id.* Rule 403 favors admissibility of relevant evidence, and the presumption is that relevant evidence will be more probative than unfairly prejudicial. *Montgomery v. State*, 810 S.W.2d 372, 389 (Tex. Crim. App. 1991). Unfair prejudice does not mean the evidence injures the opponent's case—"the central point of offering evidence." *Rogers v. State*, 991 S.W.2d 263, 266 (Tex. Crim. App. 1999). "Rather[,] it refers to 'an undue tendency to suggest a decision on an improper basis, commonly, though not necessarily, an emotional one.'" *Id.* (quoting *Cohn v. State*, 849 S.W.2d 817, 820 (Tex. Crim. App. 1993)).

Although not limited to the following enumerated factors, courts should balance the following under a Rule 403 analysis: (1) the probative value of the evidence; (2) the potential of the evidence to impress the jury in some irrational, yet indelible way; (3) the time needed to develop the evidence; and (4) the proponent's need for the evidence. *Prible*, 175 S.W.3d at 733. The trial court is presumed to have conducted a proper balancing test if it overrules a Rule 403 objection, regardless of whether the test was conducted on the record. *See Williams v. State*, 958 S.W.2d 186, 195 (Tex. Crim. App. 1995).

## B. Discussion

On appeal, appellant contends that the evidence regarding the automobile accident involving appellant and attended to by Officer Markantes prejudiced the jury because it showed the jury that appellant was a drug dealer. The evidence of the extraneous offense is probative because it compels one to conclude that there were facts of consequence that were made more probable with the evidence, such as appellant's knowledge of the methamphetamine found in room 109 and the mode and method of the delivery of methamphetamine. *See Wyatt v. State*, 23 S.W.3d 18, 26 (Tex. Crim. App. 2000). Additionally, there is substantial evidence that appellant committed the extraneous offense, as shown through Officer Markantes's testimony. *See id.* (holding that the first factor is related to the strength of the evidence that appellant in fact committed the extraneous offense).

Furthermore, the evidence was also probative to rebut appellant's defensive theory that he did not know about, and was not in possession of, the drugs in room 109. *See Moses v. State*, 105 S.W.3d 622, 626 (Tex. Crim. App. 2003) (noting that rebuttal of a defensive theory is one of the permissible purposes for which extraneous-offense evidence may be admitted). Indeed, appellant argued that Sierra's boyfriend, Eric Saenz, who was working on a vehicle outside of room 109, owned the drugs and contraband and was the true drug dealer. Therefore, the first factor weighs in favor of finding that the probative value of the evidence is not substantially outweighed by its potential to cause prejudice.

As to the second factor, we do not find that the evidence of appellant's automobile accident had the potential to impress the jury in some irrational way. This is because the trial court provided a limiting instruction for the extraneous-offense evidence immediately prior to Officer Markantes's testimony and in the jury charge.[1] *See Majors v. State*, 554 S.W.3d 802, 809 (Tex. App.—Waco 2018, no pet.) ("There is nothing in the record to indicate that the evidence impressed the jury in an irrational yet indelible way, and we presume the jury was able to follow the trial court's instruction to the jury regarding the limited purpose of its admissibility." (citing *Gamboa v. State*, 296 S.W.3d 574, 580 (Tex.

---

[1] Specifically, the trial court issued instructions limiting Officer Markantes's testimony regarding appellant's automobile only for the "purpose of assisting [the jury], if it does, for the purpose of showing the defendant's intent, knowledge, lack of mistake, or accident, if any, or to rebut the defensive theory in connection with the offense alleged in the indictment in this case and for no other purpose."

Crim. App. 2009))). Accordingly, this factor also weighs in favor of finding the evidence admissible.

With respect to the third factor, appellant concedes that the "amount of time for Officer Markantes to present the extraneous offense now challenged was minimal." Thus, this factor weighs in favor of finding the evidence admissible.

Though we have found that the first three factors weigh in favor of finding the evidence admissible, under the fourth factor, the State's need to develop evidence of the traffic accident was significant. Appellant's possession of, as well as intent to deliver, the illegal drugs, was the central issue in dispute at trial, and appellant raised the defense that someone else was dealing drugs out of room 109. Furthermore, other than the amount of methamphetamine found inside room 109 and the amount of cash found on appellant at the time of arrest, there was no direct evidence showing intent to deliver. We therefore conclude that this factor weighs in favor of finding the evidence admissible.

Rule 403 "envisions exclusion of [relevant] evidence only when there is a 'clear disparity between the degree of prejudice of the offered evidence and its probative value.'" *Hammer v. State*, 296 S.W.3d 555, 568 (Tex. Crim. App. 2009) (quoting *Conner v. State*, 67 S.W.3d 192, 202 (Tex. Crim. App. 2001)). We cannot say that there is a "clear disparity" between the danger of unfair prejudice posed by the complained-of extraneous-offense evidence and its probative value. *See id.; see also Conner*, 67 S.W.3d at 202. Thus, we cannot conclude that the trial court abused its discretion by admitting the

evidence over appellant's Rule 403 objection. *See* TEX. R. EVID. 403; *see also De La Paz*, 279 S.W.3d at 343; *Prible*, 175 S.W.3d at 731. Accordingly, we overrule appellant's second issue.

### III.    CONCLUSION

Having overruled both of appellant's issues, we affirm the judgment of the trial court.

JOHN E. NEILL
Justice

Before Chief Justice Gray,
        Justice Neill,
        and Justice Johnson
(Chief Justice Gray concurs in the Court's judgment)
Affirmed
Opinion delivered and filed March 10, 2021
Do not publish
[CRPM]

